**F I L E D**

**UNITED STATES COURT OF APPEALS** December 12, 2006

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ABE LEHI,

      Defendant-Appellant.

No. 06-4112
(D.C. No. 2:02-CV-317-BSJ)
(D.C. No. 2:92-CR-36-AJA)
(Utah)

---

## ORDER AND JUDGMENT[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Abe Lehi, a federal prisoner appearing *pro se*[1], challenges the district

court's denial of his Motion to Correct Judgment. Mr. Lehi has moved to proceed

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[1]Because he is proceeding *pro se*, we review Mr. Lehi's pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

on appeal *informa pauperis* (*ifp*) and requests a certificate of appealability (COA). However, because this appeal follows denial of a "Rule 52(b) motion" rather than a 28 U.S.C. § 2255 motion, we assess the merits without engaging in a preliminary COA review.

In 1992, Mr. Lehi pled guilty to several counts of aggravated sexual abuse against a child in violation of 18 U.S.C. § 2441(a) and (b)(1). He was sentenced to 365 months and an additional 30 year jail term, the two sentences to run consecutively. In 2002, Mr. Lehi filed a Motion to Correct Judgment pursuant to Federal Rule of Criminal Procedure 36. The district court treated it as a mixed Rule 36 and 28 U.S.C. § 2255 motion. Specifically, the court characterized Mr. Lehi's argument that his sentence subjected him to excessive punishment as a claim brought pursuant to § 2255, not Rule 36. The district court did not notify Mr. Lehi of its prospective recharacterization of this portion of his motion, nor did the court allow him to alter or withdraw the motion before ruling on it as a § 2255 motion. In response, Mr. Lehi filed a Rule 60 motion alleging the court's actions were contrary to *Castro v. United States*, 540 U.S. 375, 383 (2003) ("[T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he

has.").  The district court agreed with Mr. Lehi and vacated its prior order to the extent that it improperly recharacterized Mr. Lehi's claims as having been raised under § 2255.

The district court then provided Mr. Lehi the opportunity to (a) withdraw his motion, (b) have the court consider his motion as having been made pursuant to § 2255, or (c) state a separate basis in law for consideration of his claims.  Mr. Lehi responded that he did not want his motion treated as a § 2255 motion, arguing instead that the specific basis in the law permitting district court review was the Federal Rule of Criminal Procedure 52(b).  ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").  The district court subsequently dismissed Mr. Lehi's motion for lack of jurisdiction, stating Rule 52(b) does not provide an independent legal basis for a collateral attack on a final judgment.

Mr. Lehi now appeals, seeking review of his sentence for plain error under Rule 52(b).  Rule 52(b), however, "was intended for use on direct appeal . . . [and] is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." *United States v. Frady*, 456 U.S. 152, 164 (1982).  A § 2255 motion provides the proper vehicle for this review.  The temporal limits on bringing § 2255 motions cannot be circumvented by dressing up such a motion as a Rule

52(b) motion.

A prisoner seeking *ifp* status must demonstrate financial inability to pay and the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (internal quotation marks omitted). Because Mr. Lehi has not made a showing of good faith and the absence of frivolity, we **DENY** his motion for leave to proceed *ifp*.

Accordingly, we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge